UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEITH AUSTIN,

            Plaintiff,

vs.

STATE OF NEVADA, et al,

            Defendants.

Case No. 2:13-cv-00089-GMN-NJK

**ORDER**

(IFP App - Dkt. #1)

Plaintiff Keith Austin is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on January 17, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).[1] Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

---

[1] The Court has reviewed Plaintiff's Complaint, as well as the statements provided in the "Addendum" that he filed. (Dkt. # 2).

to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint in this case was filed on the court's form civil rights complaint, pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff alleges a violation of section 1983 because, he claims, he was not given his *Miranda* warnings[2] by an unknown Las Vegas Metropolitan Police Department officer. Plaintiff provides no information other than his allegations that he was placed under arrest on or about September 28, 2008 at his residence; that he does not remember the name of the police officer who placed him under arrest; that the police report states he was given his *Miranda* warnings prior to questioning; and that he was not, in

---

[2] "*Miranda* warnings" are the formal warnings law enforcement officers must give to a person in custody prior to the interrogation of that person. *Miranda v. Arizona*, 384 U.S. 436 (1966).

fact, given *Miranda* warnings.

Accepting as true all factual allegations in the Complaint, the failure of the unknown police officer to advise Plaintiff of his rights under *Miranda* does not violate Plaintiff's constitutional rights and, thus, cannot constitute grounds for a section 1983 action. *See Crowe v. Count of San Diego*, 608 F.3d 406, 427 (9th Cir. 2010) (discussing *Chavez v. Martinez*, 538 U.S. 760, 772 (2003)); *see also New York v. Quarles*, 467 U.S. 649, 686 (1984) ("All the Fifth Amendment forbids is the introduction of coerced statements at trial"). In his Complaint, Plaintiff failed to allege whether the statement about which he complains was used against him at trial. "The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental *trial* right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, *a constitutional violation occurs only at trial*." *Withrow v. Williams*, 507 U.S. 680, 692 (1993) (emphasis added).

Plaintiff has failed to state a claim upon which relief can be granted in his original Complaint, since the failure to provide *Miranda* warnings does not violate Plaintiff's constitutional rights. Plaintiff has failed to provide any information regarding whether his statement was used against him at trial, and he has failed to sufficiently allege the involvement of each Defendant.[3] If the statement was used against Plaintiff at trial, he may be able to state a claim upon which relief may be granted, but the court cannot make this determination from Plaintiff's Complaint.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.

---

[3] Plaintiff appears to have attempted to allege that the Nevada District Court is a Defendant as well, but has failed to allege any involvement for that Defendant in his original Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 9th day of April, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE